## IN THE SUPERIOR COURT OF CHATHAM COUNTY

STATE OF GEORGIA )

STEFANIE S. WRIGHT )

    Plaintiff, )

v. )

MAYOR and ALDERMEN of the )
CITY OF SAVANNAH, )

    Defendant. )

Civil Action
No. CV16-0206-BA

*Jury Trial Demanded*

## COMPLAINT

COMES NOW the Plaintiff, Stefanie S. Wright, by and through counsel, and files this action against the Mayor and Aldermen of the City of Savannah, for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, respectfully showing the Court as follows:

### INTRODUCTION

1.

This is a civil rights action against the Mayor and Aldermen of the City of Savannah ("the City") Department of Mobility and Parking Services.

2.

Ms. Wright's rights under the following statutes have been violated: the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. §

12101, *et seq.*

### 3.

All conditions precedent to jurisdiction under the ADA and FMLA have occurred, including Ms. Wright's exhaustion of all applicable administrative remedies, including specifically, her filing of a timely charge of discrimination based on disability with the U.S. Equal Employment Opportunity Commission (EEOC). See Exhibit A, attached. Ms. Wright has timely filed this Complaint within ninety (90) days of receipt of the right-to-sue letter delivered by the EEOC. See Exhibit B, attached.

### JURISDICTION AND VENUE

### 4.

Jurisdiction of this Court is conferred pursuant to the Georgia Civil Practice Act, including O.C.G.A. § 9-10-30 and § 9-10-91. This Court has concurrent jurisdiction of claims made under the federal civil rights laws set forth herein below.

### 5.

Venue is proper in this Court because it is a county and judicial district in which the Defendant resides. O.C.G.A. § 9-10-31; Ga. Const. art. VI, § 2, ¶¶ III, IV.

### PARTIES

### 6.

Stefanie S. Wright is an individual, and resident of the State of Georgia, Chatham County. Prior to unlawful termination of her employment, Ms. Wright was a Revenue Investigator for the City's Mobility and Parking Services Department.

7.

Ms. Wright is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2). She was employed by Defendant for more than 12 months and worked more than 1,250 hours in the 12 months preceding her request for leave under the Act.

8.

Ms. Wright is, and at all times relevant to this Complaint was, an individual who can perform the essential functions of the employment position from which she was discharged by Defendant. At all times relevant to this Complaint, she was a qualified individual with a disability as those terms are defined and understood under 42 U.S.C. §§ 12111(8) and 12102(1).

9.

Defendant Mayor and Alderman of the City of Savannah is a political subdivision of the government of the State of Georgia and is an "employer" and a "public agency" within the meaning of the FMLA. 29 U.S.C. § 2611(4), 29 U.S.C. § 203(x).

10.

The City is now, and at all times relevant hereto has been, an employer engaged in an industry affecting commerce and has employed fifteen (15) or more persons for the requisite duration under the ADA. 42 U.S.C. § 12111(5). The City had more than 50 employees within a 75-mile radius of the location in which Ms. Wright was employed in each of 20 or more consecutive calendar weeks in both the calendar year during which her employment was terminated and in the preceding year within the meaning of 29 U.S.C. § 2611(4).

11.

At all relevant times, the City controlled the terms and conditions of Ms. Wright's employment.

12.

Defendant Mayor and Aldermen of the City of Savannah may be served with process by delivering a copy of the Complaint and summons to The Honorable Eddie DeLoach, Mayor, City of Savannah, Savannah City Hall, 2nd Floor, 2 East Bay Street, Savannah, Georgia, 31401.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.

Ms. Wright began working as a Revenue Investigator for the City's Mobility and Parking Services Department in November 2011.

14.

A substantial portion of the job requires in-office tasks such as investigating vehicle ownership, running multiple-offender lists, preparing certified notice letters, generating GCIC criminal citation reports, collecting payments from serial offenders, supporting efforts of other Investigators who happen to be in the field, and performing the on-site administrative work to support collection of the the revenue owed to the City.

15.

Revenue Investigators spend a small percentage of their time operating a vehicle. The part of the job requiring operation of a vehicle includes seeking out serial parking ordinance violators. The work of seeking out serial parking ordinance violators requires employees of the Department to travel the streets of the City in City-owned vehicles, visually identifying the vehicles of such violators and "booting" them if necessary.

16.

There are four full time Revenue Investigators in the Department.

17.

At the time of Ms. Wright's employment, there were only 2 cars assigned to that department.

18.

The Director of the Department, Veleeta McDonald, would often take one of those cars for her own use, leaving one car for use by the four (4) full-time Investigators.

19.

It was common practice for Investigators to travel in pairs when working in the field to seek out and "boot" vehicles of violators.  In such circumstances, one Investigator drives and attaches the boot and the other Investigator attends, and completes paperwork.

20.

In July 2013, Ms. Wright developed symptoms of fibromyalgia, chronic fatigue and severe headaches, symptoms for which she was undergoing continuing treatment by her health care provider, who prescribed medicine along with a limitation of work activity that she not operate a vehicle.

21.

In February 2014, Ms. Wright received notice that her FMLA time was nearly exhausted.

22.

Upon receipt of notice that her FMLA time was nearly exhausted, Ms. Wright made a written request for 30 days' additional intermittent leave, pursuant to City policy.  Ms. Wright's supervisor, Veleeta McDonald denied Ms. Wright's request for the 30-day leave.

23.

After denying Ms. Wright's request, Veleeta McDonald ordered Ms. Wright to submit to a fitness-for-duty examination at the City's clinic. Ms. Wright submitted to the fitness-for-duty examination on February 20, 2014.

24.

The exam was completed by Violetta Hicks, Family Nurse Practitioner, on Thursday, February 20, 2014.

25.

On Friday, February 21, 2014 at approximately 12:00 p.m., Ms. Wright received a phone call from her supervisor Veleeta McDonald informing her that the City's Nurse Practitioner had concluded that Ms. Wright was not fit for duty. The supervisor further informed Ms. Wright that based on her inability to perform the job and because she had also exhausted her available leave, it would be necessary to terminate Ms. Wright's employment.

26.

Immediately before her employment was terminated, Ms. Wright was informed of a "new policy" (Policy RI-001) permitting only one (1) employee per vehicle.

27.

Ms. Wright's employment was terminated on February 25, 2014.

28.

The City's reasons for terminating Ms. Wright's employment are that Ms. Wright could not perform an essential job function and that Ms. Wright had exhausted the leave available to her under the FMLA. In fact, Ms. Wright had not exhausted her FMLA leave.

29.

Almost immediately after Ms. Wright's termination, Investigators resumed the practice of going into the field, two-by-two and the practice continues today.

## COUNT I

## ADA – FAILURE TO ACCOMMODATE

30.

The paragraphs hereinabove and below are incorporated here by reference.

31.

At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

32.

Beginning in July 2013, Ms. Wright experienced health conditions including symptoms of fibromyalgia, chronic fatigue and severe headaches that substantially limited one or more of her major life activities, including but not limited to driving an automobile for work-related purposes.

33.

At all times relevant to her claims set forth in this Complaint, Ms. Wright was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(A).

34.

At the time her employment was terminated, Ms. Wright had a record of having a disability as that term is defined and interpreted under the ADA.

35.

At all times relevant to her claims set forth in this Complaint, Ms. Wright has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and was able to perform the essential functions of the job with or without an accommodation.

36.

In July 2013, Defendant became aware of Ms. Wright's disability when Ms. Wright submitted to Ms. McDonald her physician's instructions and requested intermittent medical leave.

37.

With presentation of her physician's instructions, Ms. Wright requested an accommodation: to wit, that she be allowed to be the "rider" rather than the "driver" when a team of Revenue Investigators would go out into the field.

38.

From July 2013 until the end of January 2014, Ms. Wright's request to be the rider and not the driver was accommodated.

39.

From July 2013 until the end of January 2014, neither the City nor Ms. McDonald made any effort to assist Ms. Wright in seeking an appropriate accommodation for her disability.

40.

At the end of January 2014, the City initially accommodated Ms. Wright's request to be the rider and not the driver. Along with this accommodation, Ms. Wright began to encounter ridicule from Ms. McDonald because of the accommodations afforded Ms. Wright and because of Ms. Wright's use of FMLA-approved leave.

41.

Less than one month after the City began to accommodate Ms. Wright by allowing her to be the rider and not the driver of the City vehicle used for work, Ms. McDonald denied Ms. Wright's request for prospective additional leave without pay and implemented a new policy of one-employee-per-car, refusing to further accommodate Ms. Wright's disability.

42.

On February 18, 2014, Ms. Wright again asked for an accommodation, seeking flexibility in the new one-employee-per-car policy such that she could be the rider in the City vehicle used for the Department's work.

43.

Defendant took no action in response to Ms. Wright's February 18, 2014 request for an accommodation, including failure to engage in an interactive process of addressing her request for an accommodation.

44.

Defendant's failure to engage in an interactive process with Ms. Wright is a violation of the ADA.

45.

If Defendant had engaged in an interactive process with Ms. Wright, Ms. Wright's disability could have been reasonably accommodated, including by allowing her to continue to ride along with another investigator or allow Ms. Wright to become primarily responsible for the in-office duties of the Revenue Investigation team.

46.

Defendant's failure to accommodate Ms. Wright's disability is a violation of the ADA.

47.

As a direct and proximate result of Defendant's failure to engage in an interactive process with Ms. Wright and as a direct and proximate result of Defendant's failure to accommodate Ms. Wright's disability, Ms. Wright has suffered, is suffering and will continue to suffer financial losses, including without limitation, income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

48.

In addition, Defendant's failure to engage in an interactive process with Ms. Wright and Defendant's failure to accommodate Ms. Wright's disability have caused, continue to cause, and will cause Ms. Wright to suffer other losses, including without limitation, damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

49.

Defendant Mayor and Aldermen of the City of Savannah is liable to Ms. Wright for damages arising from Defendant's discriminatory conduct, including back pay and lost benefits, reinstatement, compensatory damages for emotional distress, humiliation and other indignities, equitable relief, punitive damages, attorneys' fees, costs of litigation and all other relief recoverable under the ADA – all in an amount to be determined at trial.

## COUNT II

## ADA – DISPARATE TREATMENT

50.

The paragraphs hereinabove and below are incorporated here by reference.

51.

Ms. Wright experienced a serious health condition which substantially limited one or more major life activities, including but not limited to driving an automobile for work-related purposes.

52.

At all times relevant to her claims set forth in this Complaint, Ms. Wright was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)(A).

53.

At the time her employment was terminated, Ms. Wright had a record of having a disability as that term is defined and interpreted under the ADA.

54.

Defendant was aware of Plaintiff's physical impairment and knew that it substantially limited one or more major life activities.

55.

Defendant was aware that Plaintiff's physical impairment disabled her from performing one or more nonessential functions of her job.

56.

Ms. Wright was able to perform all essential functions of her job with an accommodation.

57.

Defendant regarded Ms. Wright as having a disability as that term is defined and interpreted under the ADA.

58.

Defendant violated the ADA by terminating Ms. Wright's employment because of her disability, because of her perceived disability and because of her record of having a disability.

59.

Defendant treated other employees outside Ms. Wright's protected class differently.

60.

Defendant's actions in subjecting Ms. Wright to different terms and conditions of employment constitutes unlawful discrimination on the basis of her disability in violation of the ADA.

61.

Defendant has willfully and wantonly disregarded Ms. Wright's rights and its discriminatory treatment of Ms. Wright was undertaken intentionally and in bad faith.

62.

As a direct and proximate result of Defendant's actions subjecting Ms. Wright to terms and conditions of employment different from employees outside her protected class, Ms. Wright has suffered, is suffering and will continue to suffer financial losses, including without limitation, income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

63.

In addition, Defendant's actions subjecting Ms. Wright to terms and conditions of employment different from employees outside her protected class have caused, continue to cause, and will cause Ms. Wright to suffer other losses, including without limitation, damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64.

Defendant Mayor and Aldermen of the City of Savannah is liable to Ms. Wright for damages arising from Defendant's discriminatory conduct, including back pay and lost benefits, reinstatement, compensatory damages for emotional distress, humiliation and other indignities, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA – all in an amount to be determined at trial.

## COUNT III

## ADA – RETALIATION

65.

The paragraphs hereinabove and below are incorporated here by reference.

66.

Defendant was aware of Ms. Wright's serious health condition at the time of her request for accommodation and at the time they terminated her employment.

67.

Ms. Wright's health condition substantially limited one or more of her major life activities, but she was able to perform the essential functions of her job.

68.

Ms. Wright requested reasonable accommodations, including permission to ride in a car performing investigations with another Department employee and including available light duty work.

69.

Ms. Wright's requests for reasonable accommodations were ignored and refused by Defendant.

70.

Ms. Wright's request for reasonable accommodations constitutes protected conduct under the ADA.

71.

Defendant retaliated against Ms. Wright in violation of the ADA by interfering with her rights under the ADA, humiliating her, ignoring and refusing her requests for accommodations, adopting a new "one-employee-one-car" policy to intentionally interfere with her ability to perform her work, and ultimately terminating her employment on the basis of her request for accommodations.

72.

Defendant abandoned the "one-employee-one-car" policy almost immediately after termination of Ms. Wright's employment.

73.

Defendant's actions instituting a policy which it ultimately abandoned shortly after Ms. Wright's termination were intentionally undertaken to drive Ms. Wright from the workplace in retaliation for her requests for accommodations and otherwise exercising her rights under the FMLA and the ADA, in violation of the ADA.

74.

On February 14, 2014, when Ms. Wright had at least thirty (30) hours of FMLA-approved leave remaining, the City required Ms. Wright to submit to a fitness-for-duty assessment, with the contrived conclusion that Ms. Wright was unable to perform the essential functions of the Revenue Investigator position.

75.

On February 21, 2014, Ms. Wright's employment was terminated by Defendant in retaliation for Ms. Wright requesting accommodations and otherwise exercising her rights under the FMLA and the ADA.

76.

As a direct and proximate result of Defendant's actions retaliating against Ms. Wright in violation of the ADA, Ms. Wright has suffered, is suffering and will continue to suffer financial losses, including without limitation, income in the form of wages and other job related benefits, including social security.

77.

In addition, Defendant's actions retaliating against Ms. Wright in violation of the ADA have caused, continue to cause, and will cause Ms. Wright to suffer other losses, including without limitation, damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78.

Defendant Mayor and Aldermen of the City of Savannah is liable to Ms. Wright for damages arising from Defendant's discriminatory conduct, including back pay and lost benefits, reinstatement, compensatory damages for emotional distress, humiliation and other indignities, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA — all in an amount to be determined at trial.

## COUNT IV

## INTERFERENCE WITH FMLA RIGHTS

79.

The paragraphs hereinabove and below are incorporated here by reference.

80.

Ms. Wright was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. 825.115.

81.

In addition to Ms. Wright's request for accommodation, she also requested intermittent leave under FMLA. The City approved her request for time needed for care/physician appointments for her serious medical condition.   On July 12, 2013 Ms. Wright began reporting her intermittent leave to Sarah Hanson, the City's Wellness Coordinator.

82.

On Tuesday, February 25, 2014, Ms. Wright received a letter of separation from her supervisor, Veleeta McDonald informing her that she had exhausted all of her available leave including her twelve (12) weeks of leave under the FMLA and that she was terminated effectively immediately.

83.

On Wednesday, February 26, at 12:45 p.m., Ms. Wright received an email message from the City's Wellness coordinator, Sarah Hanson.  In that message, Ms. Hanson wrote that "[u]pon re-calculation of your FMLA available intermittent hours based off of the email you sent me after each use you used 474.5 of 480 hours as of Friday, February 21, 2014."

84.

The City's failure to properly calculate her FMLA leave prevented Ms. Wright from exercising the rights provided to her under the FMLA.

85.

The City's actions interfering with Ms. Wright's FMLA leave were committed with reckless disregard for her right to take up to 480 hours of Intermittent FMLA leave for a serious health condition and violated 29 U.S.C. § 2615(a)(1).

86.

As a direct and proximate result of Defendant's illegal conduct, Ms. Wright was deprived of her job as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her right to leave under the FMLA.

87.

As a direct and proximate result of Defendant's conduct, Ms. Wright is entitled to both equitable and monetary relief for the City's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B), including back pay, front pay or reinstatement, attorney's fees and costs of litigation.

88.

Ms. Wright is also entitled to liquidated damages for the City's violation of her rights under 29 U.S.C. § 2617(a)(1)(A)(iii) because the City's willful violation of the FMLA, including without limitation its "re-calculation" of Ms. Wright's hours-used as less than those actually used.

## COUNT V

### FMLA – RETALIATION

Page 17 of 20

89.

The paragraphs hereinabove and below are incorporated here by reference.

90.

Ms. Wright was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. 825.115.

91.

Ms. Wright requested and was approved for 480 hours of intermittent leave under the FMLA.

92.

In terminating Ms. Wright's employment, Defendant retaliated against Ms. Wright for exercising her right to take leave as allowed and provided under the FMLA.

93.

Defendant's actions in retaliating against Ms. Wright for exercising her rights under FMLA were committed with reckless disregard for Ms. Wright's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

94.

As a direct and proximate result of Defendant's violation of the FMLA, Ms. Wright was deprived of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

95.

As a direct and proximate result of Defendant's conduct, Ms. Wright is entitled to both equitable and monetary relief for the City's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B), including back pay, front pay or reinstatement, attorney's fees and costs of litigation.

96.

Ms. Wright is also entitled to liquidated damages for the City's willful violation of her rights under 29 U.S.C. § 2617(a)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Ms. Wright requests that this Court:

a) Take jurisdiction of this matter and declare that Ms. Wright's rights under the statutes set forth above were violated by Defendant;

b) Award Ms. Wright monetary relief for the City's violations, including without limitation all back pay, benefits, and other forms of compensation lost as a result of Defendant's unlawful discrimination, interference, and retaliation;

c) Order Defendant to rehire Ms. Wright into her previous position of employment or to award her front pay, as just, equitable and appropriate;

d) Award Ms. Wright liquidated damages for the City's violation of her rights under the FMLA; Award Ms. Wright prejudgment and postjudgment interest;

e) Award Ms. Wright punitive damages as allowed by law;

f) Award Ms. Wright her costs and expenses of this action, including reasonable attorney's fees as authorized by law;

g) Grant a trial by jury; and

h) Award such other and further legal and equitable relief as will effectuate the purposes of the referenced statutes or as the Court deems just and proper.

RESPECTUFLLY SUBMITTED, this 10th day of February, 2016.

S. WESLEY WOOLF, P.C.

S. WESLEY WOOLF
Georgia Bar Number: 776175
*Attorney for Plaintiff*

408 East Bay Street
Savannah, Georgia 31401
(912) 201-3696 Telephone
(912) 236-1884 Facsimile

THE CLAIBORNE FIRM, P.C.

CAMERON C. KUHLMAN
Georgia Bar Number: 596159
*Attorney for Plaintiff*

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
cameron@claibornefirm.com

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

STEFANIE S. WRIGHT            )

                   Plaintiff,     )  Civil Action
                            )  No.____ CV16-0206-BA

                v.         )

MAYOR and ALDERMEN of the CITY OF  )
SAVANNAH;             )

                Defendant.   )

# Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 415-2014-00474 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Stefanie S. Wright** | **(912) 272-5546** | **02-04-1967** |

| Street Address | City, State and ZIP Code |
|---|---|
| **12012 Middleground Road, Apt O-201, Savannah, GA 31419** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CITY OF SAVANNAH MOBILITY AND PARKING** | **500 or More** | **(912) 651-6484** |

| Street Address | City, State and ZIP Code |
|---|---|
| **100 East Bryan Street,  Savannah, GA 31401** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | Earliest: **02-18-2014**   Latest: **02-25-2014** |
| ☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.     I was employed by the above named employer as a Revenue Investigator beginning November 2011, until I was discharged. Historically, the Respondent provided me with reasonable accommodations. On February 18, 2014, I applied for and was denied a reasonable accommodation. I was discharged effective February 21, 2014.

II.    The Respondent stated I cannot perform the essential functions of my job.

III.   I believe I have been discriminated against because of my disability and due to retaliation for having participated in protected activity in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Mar 27, 2014     _[signature]_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date     Charging Party Signature | |

RECEIVED

MAR 2 7 2014

EEOC-SLO

**IN THE SUPERIOR COURT OF CHATHAM COUNTY**

**STATE OF GEORGIA**

STEFANIE S. WRIGHT                )
                                  )  Civil Action
                Plaintiff,        )  No. _CV16 - 0206 -BA_
                                  )
        v.                        )
                                  )
MAYOR and ALDERMEN of the CITY OF )
SAVANNAH;                         )
                                  )
                Defendant.        )
                                  )
_____ )

# Exhibit B

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Stefanie S. Wright<br>12012 Middleground Road<br>Apt O-201<br>Savannah, GA 31419 | From: Savannah Local Office<br>7391 Hodgson Memorial Drive<br>Suite 200<br>Savannah, GA 31406 |
|---|---|

|  | ☐ On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| **EEOC Charge No.** | **EEOC Representative** | **Telephone No.** |
| 415-2014-00474 | Taj O. Harrell,<br>Investigator | (912) 920-4267 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Holly H. Aguilar,
Director

NOV 1 2 2015

*(Date Mailed)*

Enclosures(s)

cc

| CITY OF SAVANNAH MOBILITY AND PARKING<br>100 East Bryan Street<br>Savannah, GA 31401 | S. Tennalle Timbrook<br>WESLEY WOOLF, P.C. ATTORNEYS AT LAW<br>408 East Bay Street<br>Savannah, GA 31401 |
|---|---|

## RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

**Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:**

(CHECK ONE)

[X] no case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

**OR**

[ ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case # _____.

_____ (Plaintiff) vs. _____ (Defendant)

This __10th__ day of __Feb__ . , 20 __16__ .

_____ Attorney/Plaintiff

## Notice of Eastern Judicial Circuit Standing Orders

**YOU MUST SERVE THIS NOTICE UPON THE OPPOSING PARTY** together with the initial filing of suit, counterclaim, crossclaim or interpleader. The Superior Court has adopted the following STANDING ORDERS which may apply to you and which may affect your ability to obtain a hearing:

1. **MANDATORY MEDIATION ORDER**, effective January 3, 2011: This order requires parties to mediate their case prior to the pretrial conference or trial. Certain limited cases are exempt from the mediation requirement. Please secure a copy of the mediation order and determine if it applies to your case.

2. **ORDER ON PRODUCTION OF DOCUMENTS**, effective March 15, 2002 and reinstated January 3, 2011: This order applies to all domestic cases in which temporary or permanent financial relief is sought. The order requires the parties in such cases to exchange certain documents listed in the order within a specified time frame. A copy of the production of documents order must be served upon the defendant together with the complaint and summons.

3. **TRANSITIONAL PARENTING SEMINAR ORDER**, effective March 10.2010 and reinstated January 3, 2011: This order requires the parties in certain domestic cases involving the interest of children under 18 years of age to complete the "Transitional Parenting Seminar". Please secure a copy of the mediation order and determine if it applies to your case.

**COPIES OF THE STANDING ORDERS ARE AVAILABLE AT THE OFFICE OF THE CLERK OF SUPERIOR COURT OR AT:**

http://www.chathamcounty.org/department_freeform_T7_R132.html    ENTERED ALB    F'' 1 0 2016

FORM 3.2 REVISED JAN 2011

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

STEFANIE S. WRIGHT                                )
                                                  )   Civil Action
                       Plaintiff,                 )   No. _CV16-0206-BA_
                                                  )
             v.                                   )
                                                  )
MAYOR and ALDERMEN of the CITY OF                 )
SAVANNAH;                                         )
                                                  )
                       Defendant.                 )
                                                  )

_____

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

Mayor Eddie DeLoach
Savannah City Hall, 2nd Floor
2 East Bay Street
Savannah, GA 31402

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**S. WESLEY WOOLF, P.C.**
**408 EAST BAY STREET**
**SAVANNAH GEORGA 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 10th day of February, 2016.

Clerk of Superior Court
CHATHAM COUNTY

By _____
      (Deputy) Clerk

IN CHATHAM SUPERIOR COURT

_____ TERM _____

RECEIVED FOR RECORD

7TH FEB 10  PM 3: 57

CLERK OF COURT
DANIEL W. MASSEY CLERK
SUPERIOR COURT C.GA

Stefanie S Wright

_____

VS.

Mayor / Aldermen of
the City of South

ORIGINAL

Filed in the Clerk's Office this _____ 10 _____

day of __ February __, 2016

_____

Clerk, Dep. Clerk, S.C.C.C. GA

PLAINTIFF'S ATTORNEY