U.S. DISTRICT COURT
SAVANNAH DIV.

FILED

2016 JUL -5 PM 3:33

SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| STEFANIE S. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:16-CV-074-LGW-GRS |
| | ) | |
| v. | ) | |
| | ) | |
| MAYOR AND ALDERMEN OF | ) | |
| THE CITY OF SAVANNAH, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT PROTECTIVE ORDER

COME NOW Plaintiff Stefanie Wright and Defendant Mayor and Aldermen of the City of Savannah (collectively hereinafter the "Parties"), and agree and stipulate as follows:

This lawsuit is presently in the stage of discovery and it appears that such discovery will involve disclosure of personal information and confidential medical records of the Plaintiff. The Plaintiff has agreed to produce relevant, non-objectionable information responsive to discovery requests that seek such personal, confidential, or sensitive information, so long as all parties agree to limit use of such information solely to this action and in strict accordance with the terms and conditions of this Consent Protective Order.

4

Therefore, to preclude disputes and to protect against the unauthorized

dissemination and use of such personal, confidential, and sensitive information,

Plaintiff Stefanie Wright and Defendant Mayor and Aldermen of Savannah

(collectively hereinafter the "Parties"), through counsel, agree and stipulate to the

entry of this Consent Protective Order. This Consent Protective Order shall govern

the production and use of personal, confidential, and sensitive documents in this

action:

1.

As used herein, the word "document" means (a) all papers, and printed and

written materials produced or furnished by, or obtained by the Parties during the

discovery period; (b) all copies, extracts, and complete or partial summaries

prepared from such papers or materials; (c) portions of deposition transcripts and

exhibits thereto which relate to, contain, or incorporate by reference any such

papers, materials, copies, extracts, or summaries.

2.

All documents produced and information furnished by the Parties designated

**"CONFIDENTIAL"** by a party shall be treated as such by all persons to whom

such documents are disclosed. Documents produced and deemed by the party

disclosing them ("the Producing Party") to contain confidential information may

be designated as confidential by the Producing Party by labeling the document as

**"CONFIDENTIAL"** prior to producing the document. Furthermore, the following information must be redacted from any document filed with the Court, regardless of whether the document is designated **"CONFIDENTIAL"** or not: date of birth, Social Security number, home address, home telephone number, personal cell phone number, personal email address, names of minor children, and credit card and other financial account numbers. Documents labeled **"CONFIDENTIAL"** and all copies, summaries, compilations, notes, or abstracts, shall be used exclusively in this action and for no other purpose. Any documents designated as **"CONFIDENTIAL"** pursuant to this Consent Protective Order may not be disclosed wholly, in part, or in substance except as set forth below.

3.

If any confidential document or information is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with paragraph 5 below.

4.

Documents, other materials, and deposition testimony designated as **"CONFIDENTIAL"** pursuant to the terms of this Consent Protective Order may be used only in connection with this case and may be disclosed only to the following persons:

    (a)    To the parties and their respective counsel of record, their associated

attorneys, and their regularly employed support staff who have a need to review the documents or other materials to aid in the preparation of this case;

(b)     Under seal to the United States District Court for the Southern District of Georgia, and any court of competent appellate jurisdiction, as well as court personnel, including stenographic reporters regularly employed by the court;

(c)     To other stenographic reporters as are necessarily incident to the conduct of this action; and

(d)     Only on an as needed basis, to witnesses or prospective witnesses or other persons requested by counsel to furnish technical or other expert services, provided that such witnesses or other persons agree not to disclose this information to any party or person outside this litigation and agree to be bound by this Consent Protective Order.

5.

Prior to disclosure to potential witnesses, prospective witnesses, or other persons requested by counsel to furnish technical or other expert services of documents or other materials designated as **"CONFIDENTIAL"** pursuant to this Consent Protective Order, counsel shall show the witness a copy of this Order and secure his or her written agreement to be bound by the terms of this Order. Such

written agreement shall take the form of the acknowledgement attached hereto as Exhibit A.

6.

Nothing contained in this Consent Protective Order shall preclude the party's use or disclosure of its own Confidential documents and information in any manner that it was entitled to use or disclose before and absent this litigation.

7.

All documents, transcripts or other materials afforded confidential treatment pursuant to this Consent Protective Order and in the possession of the parties or their counsel, including any extracts, summaries or compilations taken therefrom, shall be destroyed or returned to counsel for the Producing Party within sixty (60) days after the final resolution of this matter (including any and all appeals). Additionally, counsel may preserve one set of copies for archival purposes, provided that the copies are destroyed once their retention period ends.

8.

Any party wishing to file with the Court under seal any document or information previously designated as **"CONFIDENTIAL"** may do so in accordance with the Court's local rules or any order entered in this case relating to filing documents under seal.

9.

The provisions of this Consent Protective Order will not affect whether any document or information is subject to discovery nor whether evidence at trial or as a part of any pre-trial proceeding in this litigation is admissible or inadmissible.

10.

Nothing in this Consent Protective Order shall affect the rights of any party to seek whatever relief is available to it under the Federal Rules of Civil Procedure or the Local Rules of this Court.

SO ORDERED this _5th_ day of _July_____, 2016.

_____
THE HONORABLE G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA